UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MALCOLM BENNETT,

                          Plaintiff,

v.                                          Case No. 19-cv-269-pp

DAVID CLARK, *et al.*,

                          Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), SCREENING THE COMPLAINT (DKT. NO. 1) AND DISMISSING THE CASE**

---

The plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Dkt. No. 1. This order resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    THE PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The law allows a court to let an incarcerated plaintiff proceed with his case without prepaying the civil case filing fee if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may

allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On February 22, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $13.41. Dkt. No. 5. The court received that fee on March 14, 2019. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee and allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. SCREENING OF THE PLAINTIFF'S COMPLAINT

The PLRA requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that 1) someone deprived of a right secured by the Constitution or laws of the United States and 2) whoever deprived him of that right was acting under color of state

law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

    A.    Facts Alleged in the Complaint

On June 7, 2017, the plaintiff was an inmate in the restricted housing unit at the Milwaukee County Jail. Dkt. No. 1 at 2. At that time, defendant David Clarke was the sheriff of Milwaukee County. Id. The plaintiff says that William Little and CO Dantzler were correctional officers at the jail. Id.

Around 11:09 a.m. on June 7, 2017, Dantzler woke up the plaintiff and told him it was time for "his rec and shower." Id. at 2. Dantzler put the plaintiff in arm restraints, after which the plaintiff was let out of his cell; the plaintiff's cell was on the upper level of the unit. Id. at 2-3. Dantzler assisted the plaintiff to the lower level, where the shower area and rec area were located. Id. at 3. Dantzler gave the plaintiff towels and clothes, and the plaintiff got into the shower with shackles on. Id.

After finishing his shower, the plaintiff went upstairs to drop off his towels. Id. When he tried to go back downstairs to finish his rec time, he "slipped and fell injuring his arm hip and back." Id. The plaintiff states that he tried to get up but couldn't due to the pain. Id.

"After a couple minutes," Little came in and told the plaintiff that "there had been a medical emergency called." Id. at 3-4. "A couple minutes later," medical staff arrived. Id. at 4. They evaluated the plaintiff and determined that he couldn't walk to the infirmary; another officer helped the plaintiff onto a back board and took him to the Health Services Unit, where "it was determined that the plaintiffs injuries were great enough that [he] would have to stay in the infirmary." Id. The plaintiff was transported to the infirmary, where he received a shot of morphine. Id.

B. Legal Analysis of Alleged Facts

The plaintiff has named David Clarke, William Little and Correctional Officer Dantzler as defendants. He says that he "seeks damages from David Clark[e] for cruel and unusual punishment." Dkt. No. 1 at 4. The complaint, however, does not mention Clarke anywhere except in the list of defendants and the prayer for relief. The complaint does not allege that Clarke played any role in the events of June 7, 2017, or even that Clarke knew about those events. It appears that the plaintiff named Clarke as a defendant because he was the Milwaukee County sheriff. Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. Burks v. Raemisch, 555 F.3d 592, 593-94 (7th Cir. 2009). "Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." Id. at 593. Section 1983 does not establish a system of vicarious responsibility. Id. Because the plaintiff has not alleged that Clarke

knew about or was personally involved in what happened to him on June 7, 2017, the court will dismiss Clarke as a defendant.

The complaint says that the plaintiff "seeks damages from officer Dantzler for negligence." Dkt. No. 1 at 4. The plaintiff has brought his case in federal court. Federal courts have limited jurisdiction; they have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Negligence is a *state* law claim, not a claim arising under the federal Constitution or federal laws. A federal court cannot preside over state-law claims unless those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." See 28 U.S.C. § 1367(a). So this court has jurisdiction to hear the plaintiff's negligence claim against Dantzler only if he has stated a related *federal* claim against Dantzler.

The plaintiff has not alleged that Dantzler violated his rights under the Constitution. Because the plaintiff doesn't have a lawyer, the court has considered whether the facts he alleges might state a federal claim. The only possible claim the court can think of is a claim that Dantzler subjected him to unconstitutional conditions of confinement in violation of the Eighth Amendment. To state a claim under the Eighth Amendment, the plaintiff must allege that "(1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) [jail] officials are deliberately indifferent to this state of affairs." Estate of Simpson v. Gorbett, 863 F.3d 740, 745 (7th Cir. 2017). To

show deliberate indifference, the plaintiff must allege that Dantzler knew of and disregarded an excessive risk to the plaintiff's health or safety. Id. at 746. "The requisite level of knowledge may be inferred in instances where the risk posed by the condition is obvious." Id.

The allegations in the complaint do not indicate that Dantzler knew of and disregarded any "excessive risk to inmate health or safety" with respect to the plaintiff's fall. Dantzler's role in the incident appears to have been limited to helping the plaintiff get down to the showers. The plaintiff states that after he finished his shower, he went upstairs (on his own) and attempted to get back downstairs (on his own). He does not allege that Dantzler knew about or participated in the plaintiff's fall down the stairs. The plaintiff does not even allege that Dantzler knew that the plaintiff had gone back upstairs to put away his things and then come down again. The complaint does not state an Eighth Amendment claim against Dantzler. Because the plaintiff has not stated a federal claim against Dantzler, the court does not have jurisdiction to consider his state-law negligence claim against Dantzler.

The plaintiff does not say why he named Little as a defendant, and the court can't figure out why he would want to. The plaintiff says that Little came in a couple of minutes after the plaintiff fell and helped him by calling a medical emergency. Even liberally construing the plaintiff's allegations, as the court must, Little acted quickly to call a medical emergency and provide the plaintiff with medical care after his slip and fall. Little's conduct does not

6

demonstrate deliberate indifference towards the plaintiff's health or safety. The plaintiff has not made a claim against Little.

Because the plaintiff has not stated federal claims against any of the three defendants he has sued, the court must dismiss the complaint for failure to state a claim.

## III. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The court **ORDERS** that the agency having custody of the plaintiff must collect from his institution trust account the **$336.59** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 19th day of November, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**